# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RIGOBERTO ENRIQUE ISAZA, | ) |
| Plaintiff, | ) Case No. 2:15-cv-00891-JAD-CWH |
| vs. | ) **SCREENING ORDER** |
| EARL MARSHALL TROTTER, et al., | ) |
| Defendants. | ) |

Presently before the court is Plaintiff Rigoberto Enrique Isaza's application to proceed *in forma pauperis* (ECF No. 4), filed on October 15, 2015. Also before the court is Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. (Compl. (ECF No. 1).) Plaintiff is a pro se inmate in the custody of the Nevada Department of Corrections.

## I.  *IN FORMA PAUPERIS* APPLICATION

Plaintiff submitted the declaration required by 28 U.S.C. §1915(a) showing an inability to prepay fees and costs or to give security for them. Based on the information regarding Plaintiff's financial status, the court finds Plaintiff is unable to pay an initial installment toward the full filing fee required under 28 U.S.C. § 1915(b). However, Plaintiff will be required to make installment payments toward the full $350.00 filing fee when he has funds available. Plaintiff's request to proceed *in forma pauperis* therefore will be granted.

## II.  SCREENING COMPLAINT

### A.  Background

This case arises out of a family dispute regarding rents owed on a home located in Las Vegas, Nevada. Plaintiff alleges that his mother, Maria Trotter, died in 1996, and that her will left her home to Plaintiff and his brother, Carlos Isaza. (Compl. (ECF No. 1) at 3.) Plaintiff alleges that he spoke to a Farmer's Insurance representative named Donna who confirmed the existence of

his mother's will and stated that there were two witnesses to the will. (*Id.* at 4.) Plaintiff further alleges that Defendant Earl Marshal Trotter, another extended family member, has been coordinating the rental of the home to Earl's uncle and daughter for $1,200 per month since 1999. (*Id.*) Plaintiff contends that the rent proceeds should have been paid to Plaintiff and his brother, Carlos, but that Earl has been "defrauding [Plaintiff] of the 600 every month since approx[imately] 2004." (*Id.*) Specifically, he contends that Earl has defrauded him of $88,000. (*Id.* at 5.) In contrast, Plaintiff alleges that Earl has been giving Carlos thousands of dollars. (*Id.* at 4.)

Plaintiff now brings claims under 42 U.S.C. § 1983 against Defendant Earl Trotter for "violation of probate law" (claim one), for deprivation of his Fourteenth Amendment rights related to "breach of will" (claim two), and for "immunities; equity; breach of will" (claim three). (*Id.* at 4-6.) He also brings a claim against Defendant Farmers Insurance for "failure to supply plaintiff with sealed will copy." (*Id.* at 2, 4, 7.) Plaintiff seeks $88,000 in monetary damages, punitive damages for the alleged civil rights violations, an injunction ordering the unsealing of the will, and other miscellaneous costs. (*Id.* at 9.)

### B. Screening Standard

Federal courts must conduct a preliminary screening in any civil case "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2). In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, the court must dismiss the case if "the allegation of poverty is untrue" or if the court determines the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009)).  The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**C.     Analysis**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  Section 1983 does not create any substantive rights, but provides a method for enforcing rights contained in the Constitution or federal statutes.  *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties or private businesses are not acting under the color of state law for § 1983 purposes.  *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899-900 (9th Cir. 2008). To state a claim against a private party under § 1983, a plaintiff must allege the private party "is a willful participant in joint action with the State or its agents." *Id.* at 900 (quotation omitted).  A private party's conduct "constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the

3

1  State itself." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011)
2  (quotation omitted). For instance, a private party's actions may constitute state action if the private
3  party is controlled by a state agency, delegated a public function by the state, involved with
4  governmental policies, or if the state manages or controls the private party. (*Id.*) A bare allegation
5  of joint action is insufficient to state a claim against a private party under § 1983. *Dietrich*, 548
6  F.3d at 900.

7      Here, Plaintiff brings § 1983 claims against his relative, Defendant Earl Trotter, who is a
8  private party. He also brings a claim against Defendant Farmers Insurance, which is a private
9  business. Plaintiff does not allege that the defendants are in joint action with the state, that they
10 were delegated a public function by the state, that they are involved in governmental policy, or that
11 they are otherwise managed or controlled by the state. The court therefore finds that Plaintiff fails
12 to state a claim against the defendants under § 1983 and will dismiss his complaint, with leave to
13 amend.

14     If Plaintiff chooses to file an amended complaint, Plaintiff is advised all defendants must be
15 identified in the caption of the pleading and that he must specify which claims he is alleging against
16 which defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy,
17 Plaintiff still must give defendants fair notice of each of the claims Plaintiff is alleging against each
18 defendant. Specifically, Plaintiffs must allege facts showing how each named defendant is
19 involved and the approximate dates of their involvement.

20     Plainitff further is advised that if he files an amended complaint, the original complaint no
21 longer serves any function in this case. As such, if Plaintiff files an amended complaint, each claim
22 and the involvement of each defendant must be alleged sufficiently. The court cannot refer to a
23 prior pleading or to other documents to make Plaintiff's amended complaint complete. The
24 amended complaint must be complete in and of itself without reference to prior pleadings or to
25 other documents. Finally, Plaintiff must file the amended complaint on the court's approved
26 prisoner civil rights form and it must be titled "First Amended Complaint."
27 / / /
28 / / /

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED. Plaintiff will not be required to pay an initial installment fee and is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them. However, under 28 U.S.C. § 1915(b), Plaintiff will be required to make installment payments toward the full $350.00 filing fee when he has funds available. This order does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that under 28 U.S.C. § 1915(b), the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Plaintiff Rigoberto Enrique Isaza, #1134484**, in the months that the account exceeds $10.00, until the $350.00 filing fee has been paid for this case. The Clerk of Court must send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702**.

IT IS FURTHER ORDERED that if this action is dismissed or is otherwise unsuccessful, the full $350.00 filing fee is still due under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1).

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim, with leave to amend. Plaintiff's deadline for filing his amended complaint is **March 20, 2017**. Plaintiff is advised that failure to file an amended complaint by that deadline will result in a recommendation that Plaintiff's case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court must send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint.

DATED: February 17, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**